SCHIFF HARDIN LLP
SARAH D. YOUNGBLOOD (CSB # 244304)
syoungblood@schiffhardin.com
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone:  (415) 901-8700
Facsimile:   (415) 901-8701

SCHIFF HARDIN LLP
CLAY A. TILLACK (IL ARDC #6182927)
*Admitted Pro Hac Vice*
ctillack@schiffhardin.com
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone:  (312) 258-5500
Facsimile:   (312) 258-5600

Attorneys for Plaintiff
U.S. FOODSERVICE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. FOODSERVICE, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>M V TRADING, INC., doing business as M V TRADING CO.,<br><br>　　　　　　Defendant. | Case No.  CV 11-01362 JF<br><br>[PROPOSED] PERMANENT INJUNCTION AND DISMISSAL ORDER |

This matter coming before the court by stipulation of the parties and the court being advised that Plaintiff U.S. Foodservice, Inc. ("USF") and Defendant M V Trading, Inc., dba M V Trading Co., ("M V Trading") have consented and agreed to the entry of a Permanent Injunction pursuant to a Settlement Agreement, and that all other disputes between the parties have been fully settled, compromised, and resolved.  The parties hereby agree that:

　　A.　Since as early as 1995, USF, including its affiliates and subsidiaries, has

1  used continuously in United States interstate commerce in connection with kitchenware,
2  tableware, and specialty foods the trademark NEXT DAY GOURMET and Design.
3      B.    USF owns U.S. Federal Trademark Registration No. 1936228 for NEXT
4  DAY GOURMET for use in connection with the "overnight delivery of specialty food
5  products to restaurants and hotels."
6      C.    USF owns U.S. Federal Trademark Registration No. 2473081 for NEXT
7  DAY GOURMET in connection with "electronic retailing services via computer in the
8  fields of kitchenware, tableware and specialty foods" and USF owns U.S. Federal
9  Trademark Registration No. 2481686 for NEXT DAY GOURMET and Design in
10 connection with "electronic retailing services via computer in the fields of kitchenware,
11 tableware and specialty foods."
12     D.    USF's NEXT DAY GOURMET registered trademarks are referred to
13 collectively herein as the NEXT DAY GOURMET Marks.
14     E.    In 2010, M V Trading allegedly began to advertise, sell and distribute
15 products utilizing the NEXT DAY GOURMET Marks. These products were not in fact
16 NEXT DAY GOURMET products and M V Trading was never authorized by USF to
17 advertise, sell or distribute products using the NEXT DAY GOURMET Marks.
18     F.    M V Trading has no affiliation with and is not otherwise licensed by USF to
19 use the NEXT DAY GOURMET Marks.
20     G.    USF filed this lawsuit seeking relief for, *inter alia*, trademark infringement,
21 false designation of origin, false advertising, unfair competition, and unjust enrichment
22 related to M V Trading's use of the NEXT DAY GOURMET Marks.
23     H.    M V Trading denies having intentionally advertised any products as NEXT
24 DAY GOURMET products and denies any liability in this matter.
25     I.    The parties agree that USF will suffer damages in the event that M V
26 Trading advertises, sells, or distributes products using the NEXT DAY GOURMET
27 Marks.
28        THEREFORE, based on the foregoing facts and agreement of the parties,

IT IS HEREBY ORDERED THAT:

1. M V Trading is permanently enjoined from knowingly using the NEXT DAY GOURMET Marks or any confusingly similar trademark without prior written authorization of USF.

2. M V Trading is permanently enjoined from knowingly and falsely advertising that it is selling products that are authorized by, licensed by or otherwise affiliated with USF and/or NEXT DAY GOURMET, including any such use on the website Amazon.com.

3. Within two calendar days of being made aware that an advertisement posted by M V Trading has been modified to improperly include the NEXT DAY GOURMET Marks, M V Trading will remove the offending advertisement.

4. M V Trading is permanently enjoined from competing unfairly with USF or otherwise injuring USF's business reputation in the manner complained of in the complaint.

5. This Permanent Injunction shall remain in full force and effect unless superseded by a subsequent order of this Court.

6. This action, including all claims asserted therein, is hereby dismissed.

7. This Court shall retain jurisdiction to enforce this Permanent Injunction and shall retain jurisdiction over any dispute between the parties regarding the performance or enforcement of the parties' underlying Settlement Agreement.

Dated: ~~June~~ July 28, 2011

_____
The Honorable Jeremy Fogel

ACKNOWLEDGED AND AGREED TO BY THE FOLLOWING:

Plaintiff U.S. Foodservice, Inc.
By: _____
Its: EVP, Chief Ethics Officer and GC

Defendant M V Trading, Inc.
By: _____
Its: VICE PRESIDENT

CH2\10078834.1

# PROOF OF SERVICE

I, the undersigned, declare:

I am a resident of the State of California, employed in San Francisco County, California. I am over the age of eighteen (18) years, and not a party to the within action. I am an employee of Schiff Hardin LLP, and my business address is One Market, Spear Street Tower, Thirty Second Floor, San Francisco, California 94105.

On the date below, I caused to be served the following document(s):

**[PROPOSED] PERMANENT INJUNCTION AND DISMISSAL ORDER**

on the parties involved addressed as follows:

☒ BY E-FILING: By electronically serving the document(s) listed above via CM/ECF on the recipients designed on the Transaction Receipt located on the CM/ECF website.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 20, 2011, at San Francisco, California.

                */s/ Dawn M. Bierman*
                Dawn M. Bierman

SF\9404771.1

1

PROOF OF SERVICE

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO